[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2009
THOMAS K. KAHN
CLERK

No. 08-13054
Non-Argument Calendar
_____

Agency No. A97-955-825

JEAN GILLES JOSEPH,

                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 5, 2009)

Before EDMONDSON, Chief Judge, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Jean Gilles Joseph ("Petitioner"), a Haitian citizen, asks this Court to review an order of the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). The BIA's opinion affirming the Immigration Judge's ("IJ") order was supported by substantial evidence that Petitioner did not offer credible support of his asylum application. No reversible error has been shown; we affirm.

Petitioner appeals the BIA's decision to affirm the IJ decision denying his application for asylum, withholding of removal, and CAT relief. Petitioner has abandoned his CAT claim by failing to argue the issue on appeal.

Petitioner contends that the IJ clearly erred when it found that he had not proved past persecution or a reasonable fear of future prosecution: he alleges, he was attacked, beaten, and threatened because he refused to divulge the whereabouts of his uncle, who was a member of a political party.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th

Cir. 2001). Here, the BIA issued its own opinion with analysis and also adopted the IJ's reasoning. Therefore, we review the decisions of both the IJ and the BIA.

We review legal determinations of the IJ and the BIA de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review factual determinations under the highly deferential substantial evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004). We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." D-Muhumed, 388 F.3d at 818 (quotation omitted).

An alien who seeks asylum carries the burden of proving statutory refugee status. Najjar, 257 F.3d at 1284. To carry this burden, the alien must present specific and credible evidence to establish (1) past persecution on account of a statutorily listed factor or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. A "well-founded fear" of persecution may be established by showing (1) past persecution that creates a rebuttable presumption of a "well-founded fear" of future persecution, (2) a reasonable possibility of future personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in

3

the subject country of persecuting members of a statutorily defined group of which the alien is part. 8 C.F.R. § 208.13(b)(1), (2).

An alien who seeks withholding of removal carries the burden of showing that it is more likely than not that, if returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). An applicant who fails to meet the lower "well-founded fear" of persecution burden for asylum usually fails to meet the "more likely than not" standard required to qualify for withholding of removal. Rivera v. U.S. Att'y Gen., 487 F.3d 815, 820-21 (11th Cir. 2007).

We have explained that "[n]ot all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). Persecution requires "more than a few isolated incidents of verbal harassment or intimidation, and . . . harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations omitted). This Court has upheld agency decisions that petitioners failed to prove past persecution in cases where petitioners had been temporarily detained and suffered injuries that required hospitalization. See Zheng v. U.S. Att'y Gen., 451 F.3d 1287 (11th Cir. 2006); Djonda v. U.S. Att'y Gen., 514 F.3d 1168 (11th Cir. 2008).

Petitioner sought asylum and withholding of removal because he was

4

attacked and threatened by a violent mob. The mob wanted information about Petitioner's uncle, who is a member of "Together to Save Haiti," a political group. Petitioner is not a member, and Petitioner's uncle is not a leader. Petitioner's uncle has since fled Haiti. Both the IJ and the BIA found insufficient nexus between the harm suffered by Petitioner and a statutorily protected ground: the attackers were seeking Petitioner's uncle, not Petitioner. The IJ and BIA also agreed that insufficient evidence supported Petitioner's claim that his uncle's political opinion was imputed to Petitioner.

Based on the evidence and viewing the record in the light most favorable to the agency's decision, substantial evidence supports the IJ's and the BIA's finding that Petitioner was not persecuted on account of a statutorily protected ground. The BIA properly considered all of the evidence when it adopted the IJ's opinion and added its own analysis. Both the BIA and the IJ properly determined that, because Petitioner did not meet the less stringent test for asylum, he also did not meet the more demanding test for withholding of removal. Petitioner has not demonstrated reversible error in the BIA's decision or the IJ's decision; accordingly, we affirm.

AFFIRMED.

5